CARROLL, Judge.
This appeal by the defendant from an adverse judgment rendered in the civil court of record in Dade County, in a nonjury trial, involves a construction of certain provisions of an insurance policy.
The material facts were not in dispute. The appellee J. Harold Kloclc was a practicing dentist. He held a lease on certain office space. The rent was $337.50 per month and the lease had five years more to run. In April of 1962 Dr. Klock became disabled, and he did not practice dentistry thereafter. However, he continued the operation of his dental office, through the help of another dentist, until September of that year. In September of 1962 the appel-lee entered into an arrangement with a medical doctor, hereinafter referred to as the doctor, by which the doctor took possession of the office space and proceeded to practice medicine therein. Except a brief period when the doctor sublet part of the space to a dentist, the appellee’s dental equipment was not used, and it was set aside and stored in one of the rooms. The contract between the appellee and the doctor was termed an option. Under it the doctor paid the appellee $300 a month for a year, with an “option,” exercisable at the end of the year, to buy the lease and the furnishings and equipment of the appellee at a stated price. It was provided that if the option was exercised the $300 monthly payments made by the doctor during the first year would be considered as payments on the purchase price. At the end of the one year an assignment of the lease was made to the doctor for the balance of the term.
The policy contained the following pertinent provisions:
“In the event of total disability for which indemnity benefits are payable under the policy to which this Benefit is attached, or would be so payable except for any elimination period in the policy, the Company will pay the insured periodically, in addition to any other indemnity to which the Insured may be entitled, an amount equal to the Covered Monthly Overhead Expense actually incurred by the Insured, as defined below, accruing during such period of total disability in the operation of his office, or, in the event of joint office occupancy, the Insured’s portion of such expenses, but not in excess of the Maximum Covered Monthly Overhead Expense Benefit per month set forth above commencing with the expenses incurred the first day after the expiration of the Elimination Period for this Benefit and for a period not exceeding the Maximum Benefit Period specified above for any one accident or sickness commencing while the policy and this Benefit are in force, and subject to the terms thereof.
“The covered Monthly Overhead Expense hereunder shall consist of the following: rent, electricity, telephone, heat, water, laundry, depreciation, wages or salaries of the Insured’s employees, and such other fixed expenses as are normal and customary in the conduct and operation of the Insured’s office, but shall not include any salary, fees, drawing account, or any other remuneration for the Insured or any other member of the Insured’s profession or any person employed to perform the duties of the Insured, and shall not include the cost of goods or merchandise of any nature or the cost of implements of the Insured’s profession or occupation. Taxes and Mortgage interest payments on business premises owned by the Insured and used by him in the practice of his profession or occupation (but not mortgage amortization payments) shall be included in such Covered Monthly Overhead Expense.”
The maximum amount payable per month on the coverage for overhead expense was $300 per month, and the policy limited such payments to fifteen months. For the several months after the appeellee dentist became disabled, during which his dental prac *495 tice was continued through the assistance of another, the insurer paid the monthly overhead expense benefit as specified. But from and after September 1962, when the appel-lee’s practice was terminated and by agreement between the appellee and the doctor the latter took possession and conducted his own medical practice therein, the insurer refused to pay further overhead expense benefits. This action by the appellee insured followed, and resulted in recovery by him of such benefits at the rate of $300 a month for eleven months, aggregating $3,300 plus costs.
As disclosed in the judgment, the trial court was of the opinion that the monthly overhead expense benefit was payable to the insured for the period in question, although at that time his only remaining connection with the “office” was that he was obligated on the lease, he was not conducting any business or practice there or elsewhere, and had, for a consideration, given over the possession and control of the premises to a doctor who operated his own medical practice therefrom. That, we feel was an incorrect interpretation of the policy.
The provision in the policy for payment of monthly overhead expenses of a disabled insured “in the operation of his office,” as applied to an insured dentist, has reference to operation of a business or practice of the insured doctor by himself, or for him by some partner or employee. A gloss is placed on that meaning of the policy by the second paragraph quoted above, which defines such overhead expenses (rent, electricity, laundry, etc. and wages and salaries of the insured’s employees) as the normal and customary expense “in the conduct and operation of the insured’s office.”
We reject as unsound the argument of appellee that the fact that he remained bound under his lease on the premises made them “the insured’s office” within the meaning of the policy provision involved, even though he was no longer in practice there and had delivered possession to a medical doctor who conducted thereon a business or practice in which the appellee owned no interest. It appears that the overhead expenses for the period involved were not paid or incurred “in the conduct and operation of the insured’s office,” hut in the conduct and operation of the medical doctor’s office which it had become.
For the reasons stated the judgment appealed from is reversed.
Reversed.
HENDRY, J., dissents.