Kent J. WILSON, D.C., P.C., an Oregon professional corporation, Plaintiff–Appellant,

v.

MONARCH LIFE INSURANCE COMPANY, a Massachusetts corporation, Defendant–Appellee.

No. 91–35314.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 1992 *.

Decided July 27, 1992.

Leo E. Delo, Delo & O'Malley, Portland, Or., for plaintiff-appellant.

I. Franklin Hunsaker, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendant-appellee.

Before: GOODWIN, TANG and THOMPSON, Circuit Judges.

PER CURIAM:

Kent J. Wilson, D.C., P.C., an Oregon professional corporation,[1] appeals the district court's summary judgment in favor of Monarch Life Insurance Company ("Monarch") in Wilson's action for breach of contract against Monarch. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### FACTS

Wilson is a chiropractor who owned and operated a chiropractic clinic in Salem, Oregon. Monarch issued an overhead expense disability policy to Wilson on April 13, 1987. On February 27, 1989, an Oregon state judge made a civil determination that Wilson and his wife had violated the Oregon Racketeer Influenced and Corrupt Organization Act, Or.Rev.Stat. §§ 166.715–166.-735, by engaging in various fraudulent billing practices and tampering with evidence and testimony.

On March 1, 1989, Wilson stopped working as a chiropractor, claiming total disability. On March 17, 1989, Wilson's doctor determined that his mental and emotional health prevented him from working as a chiropractor. Wilson remained totally disabled until January 8, 1990.

---

\* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34-4.

1. The corporation is owned solely by Kent J. Wilson. We refer to both the corporation and the person as "Wilson."

On March 31, 1989 Wilson timely submitted his notice of claim for benefits under the Monarch overhead expense disability policy. On April 28, 1989, the state court assessed $38,377 in civil penalties against the Wilsons. The state court also enjoined the Wilsons effective May 6, 1989 from providing any health care to customers in Oregon, claiming payment for health care rendering during the effective dates of the injunction, and having any interest in any business in Oregon that provides health care goods or services. The injunction was effective until the Oregon Board of Chiropractic Examiners ("Board") issued a final order on license revocation proceedings against Wilson.

On May 5, 1989, Wilson sold his chiropractic practice and name to another chiropractor. The agreement provided that "[t]he Seller hereby sells to the Buyer and Buyer hereby purchases from the Seller, Seller's entire chiropractic practice (good will), and name." The agreement also provided that "all receivables up to and through May 4, 1989 shall be retained and collected exclusively by Seller." Wilson sold his equipment and furniture. He now operates a collection agency to collect fees earned during his chiropractic practice. The Board revoked Wilson's license on April 26, 1990.

Monarch refused to pay Wilson benefits under the policy, reasoning that because Wilson sold his chiropractic business, he did not incur any covered overhead expenses in running that business after its sale and during the period for which Wilson claimed benefits. The district court agreed and granted Monarch's motion for summary judgment. Wilson appeals.

## DISCUSSION

■ We review a grant of summary judgment de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

■ The Monarch policy provides that it covers "the usual overhead expenses you have in running your office or business." Based on the undisputed facts, the district court concluded that when Wilson sold his office or practice, he stopped "running his office or business."

Wilson argues that he continued "running" his office or business because after the sale he collected accounts receivable, and incurred overhead expenses in the collection process. We reject this argument. The mere collection of accounts receivable does not constitute "running" a chiropractic office or business in the plain meaning of those words. This case is analogous to *Paul Revere Life Insurance Company v. Klock*, 169 So.2d 493 (Fla.Ct.App.1964). In *Klock*, the court held that a dentist could not collect overhead expenses "in the conduct and operation of the insured's office," after the dentist sold his practice but during the period he retained his obligations on an office lease. *Id.* at 495. Here, we have not merely the sale of a practice, but a state order forbidding Wilson from practicing as a chiropractor. Under these circumstances, he no longer was "running" his office or business.

AFFIRMED.