NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GORDON R. OSBORN, D.D.S.,

 Plaintiff-Appellant,

v.

THE PAUL REVERE LIFE INSURANCE
COMPANY,

 Defendant-Appellee.

No. 24-1819

D.C. No. 1:21-cv-00842-CDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Christopher D. Baker, Magistrate Judge, Presiding

Argued July 7, 2025
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[**]

Plaintiff-appellant Gordon R. Osborn, D.D.S., practiced as an oral and

maxillofacial surgeon for more than three decades. Osborn suffers from medical

conditions that predispose him to adverse outcomes from COVID-19 infection,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

including death. Defendant-appellee The Paul Revere Life Insurance Company

("Paul Revere") denied Osborn's claims for benefits under his individual disability

insurance ("IDI") and business overhead expense ("BOE") policies after Osborn

stopped seeing patients and, ultimately, closed his office during the early months

of the COVID-19 pandemic. Osborn timely appeals from the district court's order

granting Paul Revere's motion for summary judgment. We have jurisdiction under

28 U.S.C. § 1291. We reverse in part and affirm in part.

We review the district court's grant of summary judgment *de novo*. *See*

*Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002). Viewing the

evidence in the light most favorable to the nonmoving party, summary judgment is

appropriate where there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law. *Zetwick v. County of Yolo*, 850 F.3d 436,

440 (9th Cir. 2017). "Courts may not resolve genuine disputes of fact in favor of

the party seeking summary judgment," and "where evidence is genuinely disputed

on a particular issue—such as by conflicting testimony—that issue is inappropriate

for resolution on summary judgment." *Id.* at 441 (cleaned up).

The district court erred in granting summary judgment to Paul Revere on

Osborn's claim for breach of contract as to both the IDI and BOE policies. While

the construction of insurance policies is a question of law, *see MacKinnon v. Truck

Ins. Exchange*, 73 P.3d 1205, 1212 (Cal. 2003), the parties' disputes here turn

chiefly on the factual question of whether Osborn was, at any relevant time, totally disabled under the policies' definition. On appeal, Osborn identifies several factual issues that bear on whether a reasonable jury could find that he was unable to perform his occupational duties as an oral surgeon because of injury or sickness.

First, a reasonable jury could credit the testimony of Osborn's physicians, corroborated by certain documents maintained by Paul Revere, that Osborn's underlying conditions prevented him from safely practicing oral surgery as early as March 2020. That Osborn could not recall what advice his physicians gave him, or that his physicians may not have immediately advised him to stop practicing, does not preclude a finding that Osborn was unable to perform his occupational duties because of injury or sickness as of March 2020. Second, a reasonable jury could credit the testimony of Osborn's staff and expert witness that Osborn was unable to obtain all the personal protective equipment ("PPE") that was necessary to safely resume practicing. Third, a reasonable jury could credit the testimony of Osborn's physicians that, even had he obtained the necessary PPE, it would have been unsafe for Osborn to return to work after he suffered a pulmonary embolism in August 2020. Osborn's testimony that he "[a]bsolutely" would have resumed practice had he been able to obtain PPE in June 2020 does not establish that he was not totally disabled either then or two months later, by which time he had

experienced a medical event that further exacerbated his risk of adverse consequences from COVID-19 infection.

Additional factual questions are specific to the BOE policy, under which Osborn must show that he both was totally disabled and incurred "fixed monthly expenses . . . that are ordinary and necessary in the operation" of his practice. Here, the record reflects that Osborn permanently closed his practice around June 2020. Hence, expenses he incurred after that date could no longer be "necessary" to his practice's "operation." *See Wilson v. Monarch Life Ins. Co.*, 971 F.2d 312, 313 (9th Cir. 1992). But as to the period between March 12, 2020, when Osborn last saw patients, and around June 2020, when he closed, a reasonable jury could credit the testimony of Osborn and his staff that they were attempting to obtain PPE, coming into the office "most days," and carrying out administrative tasks such as pursuing accounts receivable and transferring patients to other providers. A reasonable jury could find that certain expenses that Osborn incurred during this period were "ordinary" and "necessary" to the operation of his business. To be sure, because there is evidence based on which a reasonable jury could find that Osborn made some expenditures—such as continuing to pay at least some of his staff—out of goodwill rather than business necessity, a reasonable jury could find

that those expenses were neither ordinary nor necessary.[1]

Thus, a reasonable jury could find in favor of either party on Osborn's claim for breach of contract, and Paul Revere is not entitled to summary judgment. It is not for us to supplant the jury's role.

However, the district court was correct to grant summary judgment in favor of Paul Revere on Osborn's claim for breach of the implied covenant of good faith and fair dealing. In California, an insurer breaches that implied covenant where it (1) withholds benefits due under an insurance policy and (2) does so "unreasonabl[y] or without proper cause." *Guebera v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). In light of the detailed investigation that Paul Revere performed in response to Osborn's claims for benefits, the factual disputes regarding why Osborn closed his practice, Osborn has no colorable argument that Paul Revere's conduct was unreasonable or that Paul Revere acted in bad faith.[2]

The parties shall bear their own costs on appeal.

**REVERSED IN PART AND AFFIRMED IN PART.**

---

[1] Osborn contends that the district court further erred in granting summary judgment because certain expenses for which he sought reimbursement may have been incurred while he was still treating patients. But Osborn does not maintain that he was totally disabled at any time while he was seeing patients, and his argument that the BOE policy covers expenses incurred *before* an insured becomes totally disabled is contrary to the policy's plain text.

[2] For the same reasons, the district court did not err in granting summary judgment in favor of Paul Revere on Osborn's claim for punitive damages.

24-1819